PEOPLE ex rel. BURR v. KELSEY, State Superintendent of Insurance, et al.

(Supreme Court, Appellate Division, First Department. December 24, 1908.)

1. INSURANCE (§ 4*)—REGULATION—STATE SUPERINTENDENT—STATUTORY PROVISIONS.

Insurance Law (Laws 1892, p. 1954, c. 690) § 50, provides that an agent of a foreign insurance company shall annually procure a certificate of authority from the state insurance superintendent. Section 91 (page 1972) forbids anyone to act as agent without first procuring the certificate, and provides that on conviction of the holder of a certificate of a violation of that or the preceding section the superintendent shall revoke the certificate. Insurance Law (Laws 1906, p. 774, c. 326) § 60, as amended by Laws 1908, p. 1015, c. 347, prohibits insurance companies or agents from making certain misrepresentations, which are made misdemeanors, and provides that it shall be the duty of the superintendent of insurance to revoke the license of the company or agent so offending. *Held*, that sections 91 and 60 are distinct; section 91 providing for revocation upon conviction in a criminal proceeding for violation of section 90 or 91 (pages 1971, 1972), and section 60 for revocation of the license by the superintendent upon violation of that section.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 14; Dec. Dig. § 4.*]

2. INSURANCE (§ 20*) — REGULATION — STATE SUPERINTENDENT — HEARING ON CHARGE OF VIOLATING LAW BY AGENT.

While under Laws 1906, p. 774, c. 326, § 60, as amended by Laws 1908, p. 1015, c. 347, the superintendent had authority to revoke the license of a person "so offending," and the statute does not expressly provide for notice to the agent, or that he should have an opportunity to be heard before the revocation, an investigation by the superintendent whether there had been a violation, with notice to the agent and an opportunity to be heard, was contemplated, and the superintendent had authority to cause a hearing thereon.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 21; Dec. Dig. § 20.*]

———————

Appeal from Special Term, New York County.

Prohibition by the People, on the relation of Lemuel G. Burr, against Otto Kelsey, Superintendent of Insurance, and another. From an order denying the writ, relator appeals. Affirmed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Henry A. Powell, for appellant.
James H. McIntosh, for respondent.

INGRAHAM, J. The relator presented to the Supreme Court a petition which alleged that he was an agent of the Northwestern Mutual Life Insurance Company, a Wisconsin corporation engaged in the business of life insurance, and as such agent was engaged in the solicitation and procuring of applications for insurance in the said insurance company; and that on March 23, 1908, he received, pursuant to section 91 of the insurance law (Laws 1892, p. 1972, c. 690), from the defendant the Superintendent of Insurance of the state of New York a license to act as such an agent in this state; that the relator has been engaged in the business of soliciting life insurance in the state of New York, and has built up a large and lucrative business; that the renewal premiums upon insurance obtained by him were payable to him and by him remitted to his principal, upon which he was entitled to a commission, and which he would have lost if his license to act as agent for the said Northwestern Mutual Life Insurance Company was revoked; that the defendant Pierson had complained to the defendant Kelsey, as Superintendent of Insurance, charging the relator with having violated the provisions of section 60 of the insurance law (Laws 1906, p. 774, c. 326), and asking the Superintendent of Insurance to revoke the relator's license; that the relator received notice of such charges from the Superintendent of Insurance; that a copy of the charges were furnished him, and the relator notified that a hearing would be accorded him on the said complaint at a time and place fixed; that the relator attended before the Superintendent of Insurance at the time and place specified, applied to the Superintendent of Insurance to dismiss the pleadings on the ground that he had no jurisdiction in the matter and things set forth in the charges, which motion the said Superintendent of Insurance denied; that the relator therefore protested against the Superintendent proceeding with the hearing, but that the said Superintendent proceeded to try the relator for the offenses and matters and things contained and set forth in the said charges. Upon this petition an alternative writ of prohibition was granted, by which the defendant was required to show. cause why the writ should not be made absolute. The Special Term denied this application, and the relator appeals.

Section 50 of the insurance law (chapter 690, p. 1954, of the Laws of 1892) provides that every person or corporation acting as agent for any foreign insurance company shall annually on the 1st of January or within 60 days thereafter procure a certificate of authority from the Superintendent of Insurance, who shall file in his office evidence of the issuance of such certificate to the agent as aforesaid.

And section 91 of the insurance law provides that no person shall act as agent, subagent, or broker in the solicitation or procurement of applications for insurance, or for any policy of insurance, for any life insurance company doing business in this state, without first procuring from the Superintendent of Insurance a certificate of authority, which must be renewed annually on the 1st day of January, or within 60 days thereafter. By chapter 326, p. 774, of the Laws of 1906, a new section (section 60) was added to the insurance law, which, as amended by chapter 347, p. 1015, of the Laws of 1908, provides that:

"No life insurance company doing business in this state, and no officer, director or agent thereof, shall issue or circulate, or cause or permit to be issued or circulated, any estimate, illustration, circular or statement of any sort, misrepresenting the terms of any policy issued by it, or the benefits or advantages promised thereby, or the dividends or share of surplus to be received thereon, or shall use any name or title of any policy or class of policies misrepresenting the true nature thereof. Nor shall any such corporation or agent thereof make any misrepresentation to any such person insured in another company for the purpose of inducing or tending to induce such person to lapse, forfeit or surrender his said insurance. Any violation of this section shall constitute a misdemeanor and it shall be the duty of the Superintendent of Insurance to revoke the license of the corporation or agent so offending." ·

The charges referred to in the petition called the attention of the Superintendent of Insurance to an alleged violation of this provision of the insurance law. The Superintendent then notified the relator that he would be given a hearing in relation to such charges. The court at Special Term denied the application, upon the ground that the act of the Superintendent of Insurance in revoking such license was not judicial, but administrative, and that voluntarily giving notice to the relator of the charges and affording him an opportunity of being heard does not transform the proceeding from one in its nature administrative to one that is judicial.

The statute does not require that a person applying to the Superintendent of Insurance for a certificate of authority should produce evidence of their qualifications or character. Section 50 provides that every agent shall annually on the 1st day of January, or within 60 days thereafter, procure a certificate of authority from the Superintendent; and section 91 provides that no person shall act as agent without first procuring such a certificate. Section 91 further provides that on the conviction of a person to whom such a certificate of authority has been issued of a violation of that or the preceding section the Superintendent should immediately revoke the certificate of authoritiy issued to such agent. Thus, before the amendment of section 60 of the insurance law, a certificate of authority once issued was irrevocable, except on the conviction of the holder under either section 90 or section 91 of the act (Laws 1892, pp. 1971, 1972, c. 690). By the addition of section 60, however, with its amendment of 1908, a misrepresentation by an agent was made a misdemeanor, and it was made the duty of the Superintendent to revoke the authority of the person so offending against the provisions of the section.

. I think it may fairly be said that two penalties were provided for the violation of this section: First, by punishment in a criminal proceeding; and, second, by the revocation of the certificate of authority which had theretofore been issued by the Superintendent of Insurance. The provisions of section 60 of the insurance law are entirely distinct from the provisions of section 91 of the same act. By section 91 the revocation is to follow upon the conviction of the agent of a violation of sections 90 or 91. Under section 60, the revocation of the certificate of authority depends upon the violation by the agent of that particular section. If this is a penalty imposed by law for a violation of a law, it would seem to follow that the officer charged with the duty of revoking the license had necessarily to determine whether the law had been violated before exercising the authority conferred upon him to revoke the license. He had authority to revoke the license of a person "so offending" only, and therefore, before he could exercise that authority, there was imposed upon him the duty of determining whether the person had "so offended." It is true the statute contains no provision for notice to the agent, or that he should have an opportunity of being heard before the Superintendent of Insurance should revoke the license; but, because of the nature of the offense and the serious consequences which would ensue upon a revocation of the license, I am inclined to think that, although there is no express provision for notice, such a condition was implied, and action by the Superintendent of Insurance without notice, and without an opportunity of the person charged with a violation of the section to be heard, would be a violation of his right to pursue his calling. There was clearly contemplated an investigation by the Superintendent of Insurance of the question as to whether the person against whom the proceeding was taken had violated the provisions of the section; and, if the question was now before us, I am inclined to think that such a proceeding was in its nature judicial.

The determination of that question, however, is not presented upon this appeal. Assuming that the proceeding before the Superintendent was in its nature judicial, he would necessarily have to determine whether the charges were or were not sufficient to justify the revocation of the certificate of authority, and whether proof of a violation of section 60 of the insurance law justified his acting, and he would therefore have jurisdiction to determine that question in the first instance, subject to review by a proper proceeding. If there was a judicial proceeding, it was the Superintendent of Insurance who had jurisdiction to determine it; and there could be no assumption that the Superintendent would improperly determine the question submitted to him. If, as the relator contends, the certificate of authority could only be revoked after the conviction of the holder of the certificate of a misdemeanor for a violation of the section, we must assume that the Superintendent would so decide. It is not really a question of jurisdiction at all, but a question of whether, on the facts presented to the Superintendent, he was justified in revoking the certificate of authority. Of course, if the act of the Superintendent in proceed-

ing under this section was not in its nature judicial, but administrative or executive, the writ of prohibition would not lie.

So, whatever way it is considered, the court below correctly refused to make the writ permanent; and, without passing upon any of the other questions presented upon this appeal, the order is affirmed, for the reason that, whether the action is judicial or administrative, a writ of prohibition would not lie, with $50 costs and disbursements.

CLARKE, HOUGHTON, and SCOTT, JJ., concur. LAUGHLIN, J., concurs in result.